UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM RILEY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:10-CV-0199 RM |
| | ) |
| EDWIN BUSS, Commissioner of the | ) |
| Indiana Department of Correction, | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

William Riley, a prisoner confined at the Indiana State Prison ("ISP"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Indiana Department of Correction Commissioner Edwin Buss violated his federally protected rights by promulgating a policy that allowed ISP officials to take away his contact visitation. Mr. Riley seeks declaratory relief and injunctive relief reinstating his contact visitation privileges.

Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss a case against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

Mr. Riley brings this lawsuit under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Burrell v. City of Mattoon, 378 F.3d 642 (7th Cir. 2004). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). The first question in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Riley alleges that Commissioner Buss violated his federally protected rights by promulgating a policy that allowed ISP officials to take away his contact visitation privileges. According to the complaint, a prison disciplinary hearing board found Mr. Riley guilty of violating prison rules that he claims "had nothing to do with the visiting area." (DE 1 at ¶ 9). He alleges that ISP officials found him to be a "threat to the safety and security of the facility" (Id. at ¶ 9), and "illegally imposed the sanction of administrative procedure policy 02-01-102, the loss of contact visiting privileges." (Id. at ¶ 7). Mr. Riley separately filed a motion for a preliminary injunction asking the court to order the defendants to immediately "(cease) from illegally imposing the sanction of policy 02-01-102, non-contact visits, without proof that the petitioner actually violated a facility rule while in the visiting room." (DE 2 at 1).

The complaint isn't on the court's prisoner complaint form and is somewhat difficult to follow, but the crux of Mr. Riley's claim appears to be that the restriction on his contact visitation without proof that he violated a rule while he was in the visiting area denied him

due process of law. The Fourteenth Amendment's Due Process Clause doesn't protect against every change in the conditions of confinement having an adverse impact on a prisoner. Sandin v. Conner, 515 U.S. 472, 484 (1995). Instead, a prisoner is entitled to due process protections only when the conditions imposed work an atypical and significant hardship on him in relation to the ordinary incidents of prison life, or when the discipline imposed infringed on rights protected by the Due Process Clause of its own force. Id. Even transferring a prisoner from the general population to a segregation unit doesn't present an "atypical, significant deprivation" and is "within the expected parameters of the sentence imposed by a court of law." Id. at 485. Moreover, prison officials are entitled to "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979).

In light of these principles, the court can grant relief only if the restriction imposed on Mr. Riley's visitation imposed an atypical and significant hardship in relation to the ordinary incidents of prison life, or infringed on rights protected by the Due Process Clause of its own force. Inmates have no independent constitutional right to visitation or to particular forms of visitation. See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454 (1989); see also Block v. Rutherford, 468 U.S. 576, 589 (1984) ("[T]he Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility."). Prison officials have considerable discretion in determining the time, place, duration, and conditions of visitation. Berry v. Brady, 192 F.3d 504, 508 (5th

3

Cir. 1999) ("[V]isitation privileges are a matter subject to the discretion of prison officials."); Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998) ("[P]rison officials necessarily enjoy broad discretion in controlling visitor access to a prisoner."). The restriction placed on Mr. Riley's visitation based on the determination that he constitutes a threat to the safety and security of the facility falls within that discretion. The restriction doesn't work an atypical and significant hardship on him in relation to the ordinary incidents of prison life and is "within the expected parameters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. at 485.

For these reasons, the court DISMISSES the complaint (DE 1) pursuant to 28 U.S.C. § 1915A. Because the complaint must be dismissed, the court DENIES the motion for a preliminary injunction (DE 2) as moot.

SO ORDERED.

ENTERED: May  26 , 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: W. Riley